James P. Watson (SBN 046127)
Bruce K. Leigh (SBN 129753)
Anne Bevington (SBN 111320)
Andrea J. Kirkpatrick (SBN 229363)
STANTON, KAY & WATSON, LLP
101 New Montgomery, Fifth Floor
San Francisco, CA 94105
Telephone: (415) 512-3501
Facsimile: (415) 512-3515

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MORENO as CHAIRMAN and LARRY TOTTEN as CO-CHAIRMAN of the BOARD OF TRUSTEES FOR THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiffs,<br><br>v.<br><br>MARINSHIP CONSTRUCTION SERVICES, INC., a California corporation; and DEREK H. SMITH, an Individual,<br><br>Defendants. | Case No.: C-05-01802 SI<br><br>[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST MARINSHIP CONSTRUCTION SERVICES, INC. AND DEREK H. SMITH<br><br>DATE: Friday, November 18, 2005<br>TIME: 9:00 a.m.<br>CTRM: 10, 19th Floor<br>JUDGE: The Honorable Susan Ilston |

Having received the Summons and Complaint in the within action, together with appropriate proofs of service, and no response having been received from defendants MARINSHIP CONSTRUCTION SERVICES, INC., a California corporation, and DEREK H. SMITH, an Individual, within the time permitted by law, the Court entered the default of the above-named defendants in the action herein on August 17, 2005.

/ / /

/ / /

-1-
**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JDGMT. AGAINST MARINSHIP CONSTRUCTION SERVICES, INC. AND D. SMITH [CASE NO. C-05-01802 SI]**

Now, upon hearing the motion of plaintiffs and considering its supporting declarations, exhibits, and memorandum of points and authorities, the Court hereby ORDERS, ADJUDGES AND DECREES as follows:

1. On their First Cause of Action, plaintiffs shall have and recover from the above-named defendants, MARINSHIP CONSTRUCTION SERVICES, INC. and DEREK H. SMITH, the sum of **$47,076.61** for unpaid contributions, **$1,755.94** for interest thereon to March 31, 2005, and **$600.00** for liquidated damages.

2. On their Second Cause of Action, the Court grants plaintiffs' demand for an injunction requiring defendant to submit to an audit of its financial records. Defendant shall immediately submit to an audit and shall grant plaintiffs access to its premises and to those financial records that plaintiffs require to conduct the audit. These financial records shall include, but shall not be limited to, the following documents:

> Individual earnings records; federal tax forms W-3/W-2 and 1069/1099; reporting forms for all Trust Funds, State DE-3/DE-6 Tax Reports; Workers' Compensation insurance; employee time cards; payroll registers/journals; quarterly payroll tax returns (Form 941); check register and supporting cash vouchers; forms 1120, 1040 or partnership tax returns; general ledger; source records, including time cards and time card summaries for all employees; certified payroll reports; personnel records indicating job classifications and hire/termination dates; cash disbursement journal; vendor invoices; copies of subcontract agreements; cash receipts journal; job cost records; records of related entities; and any other books and records that may be necessary to complete the auditor's determination or provide additional explanation of defendants' financial records.

3. Plaintiffs shall have and recover their costs in the amount of **$654.48.**

4. Plaintiffs shall have and recover their attorneys fees in the sum of **$9,045.00** [4,000.00], which represents the reasonable value of the time spent by plaintiffs' counsel in prosecution of this action.

5. Thus, the total sum of this monetary judgment is **$59,132.03.** [54087.03]

6. The court retains jurisdiction over this matter to ensure that defendant complies with this Order and, should the audit ordered above disclose further amounts due to plaintiffs from defendant, to entertain a motion for a further money judgment.

7. Pursuant to the provisions of the applicable Trust Agreements for the plaintiff Trust Funds, plaintiffs shall be entitled to interest on the unpaid amount of this money judgment until fully paid at the rate provided in Section 28A of the Laborers Master Agreement and to such reasonable

costs and attorneys fees as may be reasonably incurred by plaintiffs to enforce any part of this judgment.

IT IS SO ORDERED.

Dated: _____ 2005

_____
SUSAN ILLSTON
UNITED STATES JUDGE

*IT IS SO ORDERED*
*Judge Susan Illston*
*UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA*

-3-
**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JDGMT. AGAINST MARINSHIP CONSTRUCTION SERVICES, INC. AND D. SMITH [CASE NO. C-05-01802 SI]**